IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HIT SERVICES, L.P.                                                                       PLAINTIFF

v.                                    Case No. 6:07-cv-6008

CADDO ENERGY COMPANY, LLC,                                                DEFENDANTS
and BEAN LUMBER CO., INC.,

CADDO ENERGY COMPANY, LLC,                                       THIRD-PARTY PLAINTIFFS
and BEAN LUMBER CO., INC.,

v.

CONTINENTAL CASUALTY COMPANY                              THIRD-PARTY DEFENDANT

**ORDER**

**BEFORE** the Court is the Motion to Compel Production (Doc. No. 69) of Third-Party Defendant Continental Casualty Company (hereinafter "CCC").  Third-Party Plaintiffs Caddo Energy Company, LLC, and Bean Lumber Co. Inc., (hereinafter collectively referred to as "Bean") have responded to the Motion to Compel. (Doc. No. 78).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Robert T. Dawson referred the Motion to Compel Production to the undersigned for decision.  The Court having reviewed the Motion to Compel Production and Response to Motion to Compel finds that the Motion to Compel Production should be and **DENIED**.

**1. Background**:

This case involves a claim by Plaintiff HIT Services, L.P., against Caddo Energy Company and Bean Lumber Co., for breach of contract, arising out of HIT's work installing a replacement

generator at Bean's principal place of business.  Caddo and Bean asserted third-party claims against their insurance carrier, CCC, alleging breach of contract, wrongful rejection of certain claims and for reimbursement of money paid or owed to HIT.  CCC seeks discovery and production of "all responsive documents" responsive to CCC's Second Supplemental Set of Requests for Production of Documents served on Bean on October 3, 2008.   Bean in its Response to the Motion to Compel does not object to the discovery requests but rather,  asserts that it and Caddo have provided the documents requested.  Bean further asserts that CCC has failed to comply with Local Rule 7.2(g) in that CCC has failed to assert a good faith effort to resolve the discovery dispute without Court intervention.

**2.  Discussion**:

> Local Rule 7.2 provides in pertinent part:
>
> (g) All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders <u>shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court</u>. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule.

CCC fails to state in its Motion to Compel that good faith efforts have been made to resolve this purported discovery dispute.  Rather, CCC merely directs the Court's attention to one letter and one email where CCC demands that the Third-Party Plaintiffs fully comply with its discovery requests and produce "all responsive documents."  Simply demanding compliance with a discovery request does not amount to a good faith effort to resolve a discovery dispute.  Further, merely attaching such demands as exhibits to the Motion does not comply with Rule 7.2(g).

In neither its email or letter demand for full compliance with the requests for production, nor in its Motion to Compel, does CCC actually identify what documents have not been produced. CCC fails to even identify what category or type of documents have not been produced. Bean responds to the Motion to Compel by asserting first that CCC has not made a good faith effort to resolve this dispute, second that CCC fails to tell specify what documents have not been produced and finally stating that Bean and Caddo have complied with all outstanding discovery requests.

The Court agrees with Bean. Based on the foregoing, the Court finds that CCC has failed to comply with Local Rule 7.2(g). Further, without some indication of what documents or categories of documents have been withheld by Bean, the Court can not order production.

**IT IS THEREFORE ORDERED** Motion to Compel Production (Doc. No. 69) of Third-Party Defendant Continental Casualty Company is **DENIED**.

**DATED** this **23rd day of January, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE